## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-327-G** |
| | ) | |
| **DUJUAN HARDIMON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Defendant Dujuan Hardimon's pro se Motion for Reduction of Sentence (Doc. No. 31), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG").[1]  The Government has responded in opposition (Doc. No. 36), and the matter is now at issue.

### I.    *Background*

On May 5, 2023, the Court sentenced Defendant after a guilty plea to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the Court adopted the uncontested Final Presentence Investigation Report ("PSR," Doc. No. 20), which found that Defendant's subtotal criminal history score of four points should be increased by two points due to Defendant having committed the offense while under a criminal justice sentence.  *See* PSR ¶¶ 34, 35 (citing USSG § 4A1.1(d) (2015)); Statement

---

[1] Following submission of the Motion, Assistant Federal Public Defender Laura Deskin was appointed to represent Defendant pursuant to General Order No. 23-6 (W.D. Okla. Nov. 1, 2023).  *See* Doc. No. 32.

of Reasons (Doc. No. 29) at 1. Defendant's total criminal history score of 6 established a criminal history category of III. *See* PSR ¶ 36 (citing USSG ch. 5, pt. A).

Based upon this criminal history category, together with a total offense level of 23, the Guidelines range was 57 to 71 months' imprisonment. *See id.* ¶ 64; USSG ch. 5, pt. A. The Court varied downward from this range, sentencing Defendant to 42 months' imprisonment with three years of supervised release. *See* J. (Doc. No. 28) at 2-3; Statement of Reasons at 2-4.

II.    *Standard of Review*

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

III.    Discussion

Defendant seeks a sentence reduction pursuant to Part A of Amendment 821 to the USSG.  *See* Def.'s Mot. Reduction of Sentence at 2.  Amendment 821 took effect on November 1, 2023, and applies retroactively.  *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 26, 2024); USSG § 1B1.10(d).

Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—i.e., "status points."  USSG § 4A1.1(e) (2023).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Corral-Estrada*, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024).

Defendant had "six or fewer criminal history points," so application of Part A reduces Defendant's status points to zero.  *Id.*; *see* PSR ¶ 34.  Even absent any status points, however, Defendant's four criminal history points still result in a criminal history category of III, with the same resulting Guidelines range.  *See* USSG ch. 5, pt A.

Because application of Amendment 821 "does not have the effect of lowering [Defendant's] applicable guideline range," "[a] reduction in [Defendant's] term of

imprisonment is not consistent with [USSG § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a)(2)(B).  Defendant is not eligible for a sentence reduction under Part A of Amendment 821.  *See id.*; 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *see, e.g.*, *United States v. Miller*, No. CIV-21-195-HE (W.D. Okla. Mar. 29, 2024) (order).

## CONCLUSION

Defendant's Motion for Reduction of Sentence (Doc. No. 31) therefore is DENIED.

Assistant Federal Public Defender Laura Deskin is hereby authorized to seek withdrawal from this case as contemplated by General Order No. 23-6.

IT IS SO ORDERED this 6th day of May, 2024.

CHARLES B. GOODWIN
United States District Judge